Filed 10/13/21  P. v. Solorio CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER SOLORIO,<br><br>Defendant and Appellant. | F081602<br><br>(Super. Ct. No. F18904920)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Michael Dolida and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Snauffer, J. and DeSantos, J.

Defendant Francisco Javier Solorio committed a felony while serving a term in state prison. At sentencing, the trial court imposed a full consecutive term for the in-prison felony pursuant to Penal Code section 1170.1, subdivision (c).[1] On appeal, defendant contends the trial court should have sentenced him pursuant to section 1170.1, subdivision (a). We vacate the sentence and remand for resentencing.

## FACTUAL AND PROCEDURAL SUMMARY

On July 29, 2015, defendant was convicted of murder (§ 187, subd. (a)) with a firearm enhancement (§ 12022.53, subd. (d)) in Imperial County case No. JCF30660, and was sentenced to 50 years to life in state prison.

On May 2, 2017, while serving his prison term, defendant was found assaulting another inmate.[2] As discussed in further detail below, this assault became the basis of the charge in the instant case.

On November 16, 2017, the Fourth District Court of Appeal reversed defendant's murder conviction in the Imperial County case and remanded the case back to the trial court for a new trial. (*People v. Solorio* (2017) 17 Cal.App.5th 398, 412.)[3]

On April 3, 2018, defendant was released from custody, but was rearrested that same day pending a new trial and placed in county jail.

On July 24, 2018, the Fresno County District Attorney filed a complaint charging defendant with assault with a deadly weapon by a prisoner (§ 4501, subd. (a); count 1). The complaint further alleged defendant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because defendant entered a plea deal, the facts were derived from the probation report.

[3]     On our own motion, we have taken judicial notice of the opinion pursuant to Evidence Code section 452, subdivision (d).

On May 22, 2019, the murder charge in the Imperial County case was amended to a voluntary manslaughter (§ 192, subd. (a)) conviction. He was sentenced to 18 years to life in state prison.

On June 7, 2019, defendant started his new prison term for the Imperial County case.

On January 31, 2020, count 1 in the instant case was amended to reflect the charge of assault by means of force likely to produce great bodily injury by a prisoner (§ 4501, subd. (b)). Defendant pled no contest to the amended charge and admitted the prior strike allegation.[4]

On August 10, 2020, the trial court in the instant case sentenced defendant to state prison for two years doubled to four years pursuant to the Three Strikes law. The trial court ordered his sentence be served consecutively to the sentence in the Imperial County case pursuant to section 1170.1, subdivision (c). As relevant here, prior to sentencing, defendant asked the trial court on multiple occasions to sentence him pursuant to section 1107.1, subdivision (a). However, the trial court found section 1170.1, subdivision (c) applied, and imposed a full consecutive term.

On August 12, 2020, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends the trial court misinterpreted section 1170.1, subdivisions (a) and (c). He argues he should have been sentenced pursuant to section 1170.1, subdivision (a) because at the time he was sentenced for the instant offense, his murder conviction in the Imperial County case had been reversed. We agree.

---

[4] On January 31, 2020, defendant admitted having suffered a prior strike conviction for murder (§ 187) on July 29, 2015. However, defendant's murder conviction had been reversed prior to that date. He was retried and found guilty of manslaughter (§ 192) in the same case on May 22, 2019. The trial court should consider the validity of defendant's admission of a prior strike conviction in resentencing defendant in this case.

3.

Section 1170.1, subdivision (a), provides in pertinent that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

Section 1170.1, subdivision (c) provides an exception to this general rule. It states that, "[i]n the case of any person convicted of one or more felonies committed while the person is confined in the state prison … and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a). This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."

" 'The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon "the in-prison offense is

4.

treated as a new principal term rather than as a subordinate term to the out-of-prison offense." ' " (*In re Coleman* (2015) 236 Cal.App.4th 1013, 1019.)

On appeal, we review statutory interpretation issues de novo. (*People v. Morales* (2018) 25 Cal.App.5th 502, 509.) On "all questions of statutory interpretation, we attempt to discern the Legislature's intent, 'being careful to give the statute's words their plain, commonsense meaning. [Citation.] If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary.' " (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 288.)

Defendant argues *People v. Brantley* (2019) 43 Cal.App.5th 917 (*Brantley*) is on point here and we agree. In *Brantley*, the defendant was convicted of robbery and false imprisonment, and was sentenced to state prison. (*Id*. at p. 920.) While serving his prison term, defendant was found in possession of marijuana and was charged accordingly. (*Ibid*.) Thereafter, defendant completed his prison term for the robbery and false imprisonment convictions. (*Ibid*.) After his release, defendant pled guilty to the in-prison possession charge and was sentenced. (*Ibid*.) However, before sentencing on the possession charge, defendant was convicted and sentenced on a domestic violence charge in a separate and unrelated case. (*Ibid*.) At sentencing on the possession charge, the trial court found section 1170.1, subdivision (a) did not apply, and the defendant received a full consecutive term for the possession offense. (*Brantley*, at p. 921.) The defendant appealed, arguing the trial court should have applied section 1170.1, subdivision (a). (*Brantley*, at p. 921.) On appeal, the appellate court vacated his sentence and remanded to the trial court for resentencing, holding that "if the defendant is no longer serving a prison term at the time of sentencing for his in-prison crime, then subdivision (c) has no application." (*Id*. at p. 922.) The court noted, "[h]ad sentence on the possession offense been imposed while defendant was serving his prison term for the robbery and false imprisonment convictions …, then subdivision (c) of section 1170.1

clearly would apply.  However, a reading of the plain language of subdivision (c) makes apparent that this provision does not apply once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed." (*Id*. at p. 922.)

Here, like in *Brantley*, defendant had been released from his original prison term (the Imperial County case) when he suffered a new felony conviction and sentence, and pled to the in-prison offense.  " ' "The effect of an unqualified reversal ('the judgment is reversed') is to vacate the judgment, and to leave the case 'at large' for further proceedings as if it had never been tried, and as if no judgment had ever been rendered. [Citations.]" [Citations.]' " (*People v. Martinez* (2017) 10 Cal.App.5th 686, 718.) Accordingly, the trial court should have sentenced defendant pursuant to section 1170.1, subdivision (a).  "Since the trial court failed to abide by subdivision (a) of section 1170.1, we shall vacate the sentence and remand for resentencing." (*Brantley*, *supra*, 43 Cal.App.5th at p. 923.)

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing.